# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Patricia Murray, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Ally Financial, Inc., | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Patricia Murray, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. The Plaintiff, Patricia Murray ("Plaintiff"), is an adult individual residing in Port Orange, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Ally Financial, Inc. ("Ally"), is a Delaware business entity with an address of 200 Renaissance Center, Detroit, Michigan 48265-2000, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.     Within the last year, Ally began placing calls from 888-803-3174, 888-673-8490, and 888-925-7425 to Plaintiff's cellular telephone, 386-XXX-7425.

6.     At all times mentioned herein, Ally called Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

7.     When Plaintiff answered Ally's calls, she was met by a period of silence before she was connected with a live Ally representative.

8.     The foregoing is indicative of a predictive dialer, which is an ATDS under the TCPA.

9.     On or about September 1, 2015, Plaintiff asked Ally to cease placing calls to her cellular telephone.

10.    Thereafter, Ally proceeded to place approximately fifteen (15) additional automated calls to Plaintiff's cellular telephone despite Plaintiff's request for Ally to cease calling her.

11.    Plaintiff works at night and Ally's incessant calls to her during the daytime have distracted and disturbed the Plaintiff.

12. On or about September 10, 2015, Plaintiff once again asked Ally to cease placing calls to her.

13. Ally placed a subsequent call to Plaintiff despite her request.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein, Ally called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

17. Defendant's telephone system(s) have earmarks of a Predictive Dialer.

18. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

19. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendant's automated calls to Plaintiff were made without Plaintiff's prior express consent.

21. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

23. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against

Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 16, 2017

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.

Attorney for Plaintiff Patricia Murray
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com